# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5692-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIC EPPS, a/k/a CHARLES
WATKINS, DWIGHT MITCHELL
and COREY GRUBBS,

    Defendant-Appellant.

_____

Submitted January 19, 2021 – Decided   March 10, 2021

Before Judges Sabatino and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 14-02-0397.

Joseph E. Krakora, Public Defender, attorney for appellant (Kevin G. Byrnes, Designated Counsel, on the briefs).

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Eric Epps appeals from the June 24, 2019 order denying his petition for post-conviction relief (PCR), contending trial counsel was ineffective regarding several evidentiary issues and in failing to investigate the case and discuss the discovery with him. We affirm.

We derive the facts from our prior decision in the direct appeal affirming defendant's convictions and sentence. State v. Epps, No. A-4094-14 (App. Div. June 8, 2017) (slip op. at 1-2).

As three children – a twelve-year-old girl, Z.P.[1] and her brothers, aged eight and ten – were walking home from school, they noticed a parked green Jeep. Through the open front passenger side window, the children observed a man masturbating in the driver's seat. He was not wearing any pants. The girl told her brother to write down the Jeep's license plate number and they reported the incident to the authorities.

The license plate belonged to a vehicle owned by defendant. Several days later, Z.P. identified defendant in a photo array. She and her older brother identified defendant at trial as the man in the Jeep.

---

[1] We use initials to protect the minor's privacy. R. 1:38-3(c)(12).

A-5692-18

Defendant was convicted of second-degree sexual assault, N.J.S.A. 2C:14-2(b); third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) and fourth-degree lewdness, N.J.S.A. 2C:14-4(b)(1). He was acquitted on two counts of endangering the welfare of a child. The court sentenced defendant as a persistent offender under N.J.S.A. 2C:44-3 to an aggregate term of seventeen years, subject to an eighty-five percent term of parole ineligibility and ordered him to comply with parole supervision for life and the requirements of Megan's Law.

Defendant filed a pro se petition for PCR asserting numerous instances of trial court error and ineffective assistance of counsel. In a subsequent brief, substituted defense counsel argued trial counsel (1) lacked diligence and failed to zealously represent defendant; (2) failed to properly investigate the matter and produce a witness for trial; (3) failed to properly advise defendant regarding certain aspects of sentencing;[2] and (4) failed to object to the admission of prejudicial evidence, specifically certain testimony of Z.P.

The PCR court denied the petition in a comprehensive, well-reasoned written decision and order. Pertinent to the issues on appeal, the PCR court did

---

[2]  Although the PCR court granted defendant an evidentiary hearing solely on this assertion, defendant later withdrew the claim.

    A-5692-18

not find any merit in defendant's arguments regarding deficiencies in trial counsel's preparation or investigation of the case or in failing to produce a particular witness.

The PCR court also addressed the assertion that trial counsel was ineffective for failing to object to the testimony of Z.P., in which she stated she had seen defendant masturbating while sitting in a different vehicle on prior occasions. In rejecting the claim, the PCR court noted defendant had raised the issue in his direct appeal. In our decision, we found because it was defendant's counsel who elicited details of Z.P.'s observations of defendant on a prior occasion, he could not now argue counsel should have objected. The testimony was elicited by defense counsel. Therefore, any claim that counsel should have objected was barred under the doctrine of invited error.

Because defendant failed to present a prima facie case of ineffective assistance of counsel, the PCR court found he was not entitled to an evidentiary hearing on these issues.

In a counseled brief, defendant presents the following issues for our consideration:

> POINT I
> THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO

THE UNITED STATES CONSTITUTION AND ART. 1, PAR 10 OF THE NEW JERSEY CONSTITUTION

A. Trial Counsel Was Ineffective When She Introduced Highly Prejudicial Other-Crime Evidence Against Her Client and Then Successfully Argued Against Any Limiting Instruction and Restriction on the Use of That Evidence.

B. The Defendant was Denied the Right to a Complete Defense by Trial Counsel's Failure To Investigate the Case; To Review Discovery with her Client, and To Prepare for Trial.

C. Trial Counsel Failed to Challenge the Trustworthiness of the Children's Statements Alleging Sex Crimes

POINT II
THE DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING

POINT III
THE DEFENDANT IS ENTITLED TO DE NOVO REVIEW, AND NO DEFERENCE SHOULD BE GIVEN TO THE ERRONEOUS CONCLUSION BELOW

In a pro se supplemental brief defendant asserts:

POINT I
EPPS WAS DENIED DUE PROCESS AND DID NOT GET A FAIR TRIAL. N.J.R.E. 803(c) (27); N.J.R.E. 104; N.J.R.E. 403 AND N.J.R.E. 404(b); N.J. Ct.R. 2:10-2

5

A-5692-18

A. Epps Did Not Get a Fair Trial Because There Were No Pre-trial Hearings Conducted on the Admissibility of Prior-Bad-Act Evidence

B. There Was No N.J.R.E. 403 Balancing

POINT II
THE INDICTMENT SHOULD BE DISMISSED BECAUSE THE STATE FAILED TO CORRECT FALSE AND INCONSISTENT TESTIMONY AND FAILED TO ESTABLISH THE REQUIRED ELEMENTS OF COUNT I

A. The Prosecution Omitted Evidence Presented By Their Witness

B. The State Failed To Prove the Necessary Elements of Count I, Sexual Assault 2C:14-2(b)

POINT III
THE STATE FAILED TO OVERCOME ITS BURDEN OF ESTABLISHING THAT THE PROBATIVE VALUE OF THE OTHER-CRIMES EVIDENCE WAS NOT OUTWEIGHED BY ITS APPARENT PREJUDICE

POINT IV
THE STATE ULTIMATELY USED THE PRIOR-BAD-ACT EVIDENCE TO BIAS THE NEW JERSEY SUPREME COURTS' OPINION

POINT V
EPPS IS ENTITLED TO AN EVIDENTIARY HEARING. APPELLATE COUNSEL WAS INEFFECTIVE FOR FAILING TO RAISE STATE AND FEDERAL CONSTITUTIONAL VIOLATIONS DISCLOSED IN THE RECORD

6

The standard for determining whether trial counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984) and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-pronged test establishing both that: (1) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694.

We affirm substantially for the reasons given in the PCR court's cogent decision. We add only the following brief comments.

Before the PCR court and on appeal, defendant again focuses on Z.P.'s testimony. He now contends his counsel was ineffective in introducing other-crimes evidence of propensity through cross-examination of the girl and he was prejudiced by the testimony.

The State called Z.P. as a witness. She stated she was sure defendant was the man in the green Jeep because she was walking very close to the vehicle and she could clearly see his face through the open window.

On cross-examination, Z.P. confirmed she told the detectives in her statement several days after the incident that she had seen defendant several times during the prior year. At those times, defendant was driving a red Jeep and she saw him on her street and in front of her house. Defendant was not wearing pants and was masturbating each time Z.P. saw him.

At the close of the case, the State requested the court to instruct the jury regarding their use of the N.J.R.E. 404(b) evidence. Defense counsel objected to the instruction. There was some confusion among counsel whether Z.P. discussed the prior times she had seen defendant masturbating during her direct examination or whether defense counsel elicited it on cross-examination. The prosecutor stated the instruction was not needed if the testimony did not originate during direct examination and if defense counsel objected. The attorneys asked for the opportunity to review the CourtSmart recording. There was no further mention of the instruction in the record when the parties convened on the next trial date and the instruction was not given to the jury.

A-5692-18

It is clear from our review of the transcript that defense counsel extracted Z.P.'s prior observations during her cross-examination. The testimony was designed to show that Z.P. claimed to have seen defendant in two different vehicles and to question her identification of defendant on the day in question. The lengthy cross-examination about the details of the prior encounters was clearly designed to create doubt about Z.P.'s version of the events for which defendant was charged.

Indeed, when defendant testified, counsel stipulated he was in prison for a period of the time Z.P. claimed to have seen him masturbating in a red Jeep and he never owned a red vehicle.

We are satisfied defense counsel was not deficient in her use of this strategy to weaken Z.P.'s testimony. Moreover, if defense counsel had allowed a Rule 404(b) instruction, the court would have in effect advised the jury that defendant had performed the described acts. That would have controverted the defense strategy of misidentification.

During its deliberations, the jury requested a playback of Z.P.'s testimony. And, it acquitted defendant of two of the endangering charges. Therefore, defendant cannot satisfy the second Strickland prong, that there was any error so serious as to lead to an unjust result. 466 U.S. at 694.

A-5692-18

We are satisfied the PCR court's denial of the petition was supported by the credible evidence in the record. Defendant did not demonstrate trial counsel was ineffective under the <u>Strickland</u>-<u>Fritz</u> test. Any remaining arguments not addressed are not of sufficient merit to warrant a written opinion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5692-18